R. H. ALLEN *v.* N. E. STANDIFER ET AL.

1. AGRICULTURAL LIEN LAW. *Statement of claim.   Waiver.   Amendment.*
   A defendant in a writ of seizure, under the agricultural lien law (Acts 1876, p. 109), who takes issue on the affidavit which sets out the plaintiff's claim, waives the filing of a statement thereof on the return day, and the court should, on affidavit of merits, allow the plaintiff to amend by filing such statement.

2. SAME. *Amendment.   Erroneous denial.*
   After the suit has been pending for two terms, upon the issue on the affidavit for the writ, it is erroneous to give judgment for the defendant when both sides are ready for trial, and the plaintiff tenders his statement and offers to continue the case at his costs.

APPEAL from the Circuit Court of Holmes County.

Hon. W. COTHRAN, Judge.

*J. B. H. Hemingway,* for the appellant.

The court erred in refusing leave to file the statement and in rendering judgment for want thereof.   As the case had long been at issue on the affidavit for the writ of seizure, which set out the claim in full, no further statement was necessary. The only object in requiring a statement is to apprise the defendant of the nature of the claim, and when he took issue upon the affidavit, concluding to the country, he waived further notice.   Both the agricultural lien law (Acts 1876, p. 113) and Code 1871, § 621, provide that amendments shall be liberally allowed, so as to bring the merits of the controversy fairly to trial.   The statutes of amendments have been construed to allow the filing of a declaration or cause of action out of time.   *Bloom* v. *McGrath*, 53 Miss. 249 ; *Duff* v. *Snider*, 54 Miss. 245.   The right to plead out of time is recognized in

*McAdory* v. *Turner*, 56 Miss. 666. Similar decisions have been made under like statutes in other states. *Waterman* v. *Mattair*, 5 Fla. 211; *Wood* v. *Fobes*, 5 Cal. 62. It has been decided that a defendant in attachment, after pleading, cannot object that the plaintiff's declaration was not filed in time; and if such objection can be made, the court should allow the plain-tiff to amend by filing his declaration, although out of time. *Ellison* v. *Gordon*, Harp. (S. C.) 436. A similar decision has been made in a case of replevin. *Amos* v. *Sinnott*, 4 Scamm. 440. Pleading to the action is a waiver of the objection of want of a declaration. *Wheeler* v. *Bullard*, 6 Porter, 352; *Arthur* v. *Broadnax*, 3 Ala. 557; *Oliver* v. *Hutto*, 5 Ala. 211; *Stanley* v. *Bank of Mobile*, 23 Ala. 652; *Donoghue* v. *Gardner*, 24 Ill. 565.

*J. W. Jenkins*, for the appellees.

The time had expired within which the appellant had a right to file the statement of his claim. Acts 1876, p. 113, § 9. Two terms had passed since the return day of the writ. *Vigilantibus non dormientibus jura subveniunt.* This was not an application to amend under the tenth section of the act, but to file an original paper in the cause, and no excuse was offered for not filing it at the proper time.

CAMPBELL, J., delivered the opinion of the court.

The refusal of the court to permit the plaintiff to file a state-ment of the claim, when the motion was made by the defend-ants for judgment, because the plaintiff had failed to file a written statement of his claim, was based on the language of the ninth section of "An Act to provide for Agricultural Liens and for other purposes," approved April 14, 1876 (Acts 1876, p. 109), under which this proceeding was had. That language is, "That on or before the return day of such writ in the Circuit Court, the plaintiff shall file with the papers in such cause a statement setting forth in full his claim, and the defendant or defendants making any defence or claim shall in like manner file a statement of his or their defence or claim, when such suit shall be considered at is-sue." The next section directs that the court "shall allow all amendments of the proceedings necessary to a full develop-ment and settlement of the rights of the different parties."

In this case, the claim of the plaintiff was set forth quite fully in his affidavit, made to obtain the writ of seizure; and the defendants had responded to the affidavit, at the return term of the writ, by filing their statement of their defence, which concludes in these words, viz.: "and of this they put themselves on the country," and is signed by the attorney of the defendants. From this, it is manifest that all parties considered the issue as made up and ready for trial. The case was continued for two terms of the court, and at the third term, the attorney for the plaintiff having concluded that a "statement" of his claim was necessary, prepared it and put it among the papers, whereupon the attorney for the defendants moved for judgment, because a statement of the claim of the plaintiff had not been filed on or before the return day of the writ; and the plaintiff moved for leave to file the statement *nunc pro tunc*, and accompanied his motion with an affidavit of merits, and an offer to continue the case at his costs, and with evidence that the witnesses on both sides were present, and that both sides had considered the case at issue, and were then ready for trial. The court denied the motion of the plaintiff, and granted the motion of the defendants for judgment.

This was clearly erroneous. It was following the letter, in disregard of the spirit of the statute, and in forgetfulness of the important truth that " the letter killeth, but the spirit giveth life." The spirit of modern and enlightened jurisprudence is to administer justice. Regard is had for matters of substance rather than form in judicial proceedings. Courts are now regarded as existing for the enforcement of rights and the redress of wrongs, and not as places for the exhibition of professional cunning and judicial smartness in discerning finely drawn distinctions between the proper commencement and conclusion of pleadings, and cases of express and implied color, and special traverses and the like subtleties, which in the past constituted so large a part of the boasted common law.

The amendment should have been allowed. It would have done no harm. It operated no surprise to the defendants. They had responded to the affidavit of the plaintiff and concluded to the country, thus treating the issue as formed. A statement of the plaintiff's claim was necessary, because required

by the statute; but it was competent for the defendants to waive compliance with this requirement, and they had virtually done this by answering the affidavit and appealing to the country. The learned circuit judge doubtless felt bound by the language of the statute to deny leave to file the statement of the plaintiff's claim after the return day of the writ. In this he was mistaken. He had the right to consider the situation, and to order all amendments necessary to bring the merits of the controversy between the parties fairly to trial, and it was his duty to permit the filing of the statement of the plaintiff's claim.

*Judgment reversed and cause remanded.*